JUAN BARRIENTAS v. THE STATE.

No. 6225.    Decided May 4, 1921.

1.—Burglary—Requested Charge—Other Transaction.

Where, upon trial of burglary, the defendant requested the court to instruct the jury not to consider any testimony relative to the taking of a horse, from a certain third party not named in the indictment, which the court refused to do, and it appeared from the record on appeal that the property taken from the alleged burglarized house consisted of two ropes, and it was not shown that this had no connection with the alleged stolen horse, and that it might have been material as corroborative of the purpose for which the burglary was committed, there was no reversible error.

2.—Same—Motion for New Trial—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Bastrop.    Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. C. Smith,* for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of the offense of burglary in the district court of Bastrop county, and his punishment fixed at two years confinement in the penitentiary.

There appears to have been no exceptions taken to the reception or rejection of evidence, and no exceptions were taken to the charge of the court.

Appellant asked the court by special charge No. 2 to instruct the jury not to consider any testimony relative to the taking of a horse belonging to Frank Meuth, which charge the court refused, and such refusal is here complained of by bill of exceptions. It appears from the evidence that, without objection on the part of appellant's counsel, Mr. Meuth testified that on the day of the burglary he lost a horse; it also appears in the written confession made by appellant, in conformity with our statute, that on the day of the said burglary appellant and

another Mexican boy took Mr. Meuth's horse. The burglarized house belonged to a Mexican by the name of Ligues, and there is no question of the fact that it was broken and entered by appellant on the occasion in question. Ligues testified that upon his return to the house, from which he was absent at the time of said burglary, he found that planks over his window had been broken and an entry effected through said window. Appellant admitted that he did so break and enter said house, and that he took therefrom two ropes. Ligues testified that two of his ropes were taken, and that he afterwards got one of them back, but had never gotten the other. In this condition of the record we are unable to perceive any error in the action of the trial court in declining to give the special charge mentioned. The evidence was before the jury, without objection, and we are not sure but that it was material as corroborative of the purpose for which the burglary was committed, that is, to get ropes with which to ride or lead the horse of Mr. Meuth away.

The only other bill of exceptions in the record is to the overruling of the motion for new trial, the only ground of which motion is that the court erred in refusing to give the special charge above mentioned, and that the evidence was not sufficient to support the verdict. We find ourselves unable to assent to either proposition. Appellant's counsel urges that while there may be small legal ground for a reversal, that there are apparently large appeals to humanity. We regret that our business is to decide that the law has been administered and followed in the cases brought before us, and that when we have done this our duty ends.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*